UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON BREITMEYER,
TRACEY BREITMEYER,

    **Plaintiffs,**    CIVIL ACTION NO. 09-CV-11560-DT

  **vs.**

            DISTRICT JUDGE STEPHEN J. MURPHY III

CITIMORTGAGE, INC.,    MAGISTRATE JUDGE MONA K. MAJZOUB

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**I.**  **RECOMMENDATION:** Defendant's Motion to Dismiss filed on June 10, 2009 (docket no. 3) should be **GRANTED**, and this action should be **DISMISSED.**

**II.**  **REPORT:**

  **A.**  **Facts and Claims**

  Defendant claims that Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  (Docket no. 3).  Plaintiffs' Complaint alleges 13 counts related to their residential mortgage loan transaction in April 2007.  (Docket no. 1).  Defendant alleges that it was not involved in the origination of Plaintiffs' mortgage loan transaction or its closing.  Defendant removed this action from state court.  (*Id*.).  Plaintiffs responded to Defendant's Motion to Dismiss on July 1, 2009.  (Docket no. 7).  Defendant filed a Reply brief.  (Docket no. 9).  This motion has been referred to the undersigned for action.  (Docket no. 6).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  This matter is now ready for ruling.

  Plaintiffs' Count 1 is for an accounting of the receipts and disbursements of the financial

transactions between the parties.  (Docket no. 1-2 at 7).  Count 2 alleges wrongful foreclosure although it is alleged that no default has occurred and that Defendant's power to sell the property has not become operative.  (*Id*. at 9).  Count 3 alleges a violation of 15 U.S.C. § 1639(b)(3) & (h) (Home Ownership and Equity Protection Act (HOEPA)).  (*Id*. at 10).  Count 4 alleges predatory lending.  (*Id*. at 11).  In Count 5 Plaintiffs claim violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq.  (*Id*. at 13).  Count 6 alleges fraudulent misrepresentation, and Count 7 alleges negligent misrepresentation.  (*Id*. at 14-16).  In Count 8 Plaintiffs claim defamation of credit.  (*Id*. at 17).  Count 9 alleges that the parties' agreements are subject to judicial rescission.  (*Id*. at 18).  Count 10 alleges that the parties' agreements are subject to judicial reformation.  (*Id*. at 19).  In Count 11 Plaintiffs assert a violation of the Michigan Mortgage Brokers, Lenders and Servicers Licensing Act, Mich. Comp. Laws § 445.1651.  (*Id*. at 20).  Count 12 alleges a violation of the Michigan Usury Act, Mich. Comp. Laws § 438.31.  (*Id*. at 21).  Finally, in Count 13 Plaintiffs ask for a temporary restraining order or preliminary injunction.  (*Id*. at 22).

The parties agree that in 2007 Plaintiffs obtained their mortgage loan from non-party Group One Mortgage Corporation in order to purchase their home.  (Docket no. 7 at 9; docket no. 3 at 13).  There were two loans secured by a first and second mortgage on the property.  (Docket no. 1-2 at 31-32; docket no. 3 at 13).  In Plaintiffs' Response, they argue that Group One is CitiMortgage's agent and assignor and therefore liable as alleged in the Complaint.  (Docket no. 7 at 9).  Plaintiffs argue that they are now paying over $2,600.00 per month toward their loan obligation and have now realized that they cannot afford the property on the financing terms now in effect.  (*Id*. at 10).  In addition, their second loan contains a balloon payment after 179 months of over $50,000.  (*Id*.).

**B.**     **Standard of Law**

-2-

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

**C.     Analysis**

**1.     Statute of Limitation on Count 3 – Violation of 15 U.S.C. § 1639 (HOEPA), and on Count 5 – Violation of 15 U.S.C. § 1601, et seq. (TILA)**

Plaintiffs allege in Count 3 of their Complaint that Defendant[1] is in violation of 15 U.S.C. § 1639(b)(3). They assert that this section requires Defendant "to modify the terms of Plaintiffs' loans as Plaintiffs are experiencing a bona fide financial emergency." (Docket no. 1-2 at 10). Plaintiffs further contend that Defendant has failed or refused to modify the terms of the loan. Also in Count 3, Plaintiffs allege that Defendant has violated 15 U.S.C. § 1639(h) by "extending credit to Plaintiffs without regard to their ability to repay the debt." (*Id.*). Plaintiffs claim to have suffered damages as a result of Defendant's actions.

Plaintiffs allege in Count 5 that Defendant "provided false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan transaction on the Property, in violation of the Truth in Lending Act." (Docket no. 1-2 at 13). Plaintiffs assert that they did not and could not discover these violations "because the documents provided to Plaintiff were withheld

---

[1] Plaintiffs at times in their Complaint use the plural form and at other times refer to Defendant in the singular. Plaintiffs have only named one Defendant however, which is CitiMortgage, Inc. (Docket no. 1-2). The Court will use the singular form because there is only one Defendant.

from Plaintiffs and if they existed at all, were seriously misleading." (*Id*.).  Plaintiffs contend that

their claims under the Truth in Lending Act are subject to tolling.  Finally, Plaintiffs state that

Defendant did not provide them with a Notice of Rights to Cancel.

      Defendant correctly argues that the applicable statute of limitation for both of these claims

is one year from the date of the occurrence of the violation.  *See* 15 U.S.C. § 1640(e); *Strickfaden*

*v. Park Place Mortgage Corp.*, 2008 WL 3540079, slip op. at *2-3 (E.D. Mich. Aug. 12, 2008)

(applying one-year limitation period for both TILA and HOEPA claims).  The events alleged for the

violation of TILA, providing false disclosures, all would have occurred at or before the time of the

loan closing.  Determining when the events alleged for the HOEPA claims occurred is more

problematical.  Plaintiffs' allegations are that Defendant has failed or refused to modify the terms

of the loan without stating a date on which this occurred.  (Docket no. 1-2 at 10).  Plaintiffs also

allege that Defendant extended credit to them without regard to their ability to repay the debt as

support for their other HOEPA claim.  (*Id*.).  No date is alleged for this extension of credit either.

For purposes of this section of the discussion, the Court will assume that Plaintiffs' HOEPA claims

arose at or before closing.  Other fatal defects with Plaintiffs' HOEPA claims, which will preclude

claims which might survive Defendant's statute of limitations argument, will be discussed in the

next section.

      Because the events that form the basis for Plaintiffs' TILA and, possibly, HOEPA claims

occurred on or about April 16, 2007 (docket no. 1-2 at 28), and Plaintiffs filed this action in state

court on April 15, 2009 (*id*. at 5), two years later, Defendant argues that these claims are time-

barred.  Plaintiffs do not provide any argument disputing the one-year limitation period or that the

one-year period runs from the date of the consummation of the transaction in April 2007.  (Docket

no. 7 at 14-17).  They argue, however, that equitable tolling based on Defendant's fraudulent concealment saves their claims.  (*Id*.).

The Sixth Circuit has stated that the concept of "equitable tolling based on fraudulent concealment is to be narrowly applied since statutes of limitation are vital to the welfare of society and are favored in the law."  *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1336 (6th Cir. 1995) (internal quotations and modifications omitted).  "In cases of fraudulent concealment, the statute of limitations can be tolled when the plaintiff demonstrates that: '(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence.'"  *Mills v. Equicredit Corp*., 294 F. Supp. 2d 903, 908 (E.D. Mich. 2003).  The alleged acts of concealment "must amount to more than a failure on behalf of the defendant to disclose the initial fraudulent conduct."  *Jones v. Saxon Mortgage, Inc*., 980 F. Supp. 842, 846 (E.D. Va. 1997) (citation omitted).

The allegations of Counts 3 and 5 are that Defendant provided false information in connection with the closing of the mortgage loan (docket no. 1-2 at 13) and that Defendant extended credit to Plaintiffs without regard to their ability to repay the debt (*id*. at 10).  There is no mention in Plaintiff's Complaint that any other entity played any part in the mortgage loan transaction. However, Defendant alleges in its Motion to Dismiss that it did not participate in the origination or closing of the mortgage loans.  (Docket no. 3 at 15).  In their Response brief, Plaintiffs state that they "obtained a mortgage loan from non party Group One Mortgage Corporation in order to purchase their home."  (Docket no. 7 at 9).  Defendants then argue that Group One originated the loan "on behalf of CitiMortgage, and is thus CitiMortgage's agent and assignor."  Based on this allegation, Plaintiffs assert that the acts and omissions of Group One are attributable to CitiMortgage "by law."

-5-

(*Id*.).

Although normally on motions to dismiss the court takes the allegations in the complaint as true, this Court cannot take Plaintiffs' allegations as true concerning Defendant's acts during the origination and closing of the loans at issue when Plaintiffs have now revealed the inaccuracy of their own allegations. *See Foundation for Interior Design Educ. Research v. Savannah College of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001) (plaintiff must allege factual predicate concrete enough to warrant further proceedings before discovery is allowed); *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (bald assertions and subjective characterizations not accepted as facts on motion to dismiss). It was Group One Mortgage Corporation, an entity not mentioned in Plaintiffs' Complaint, rather than Defendant which provided any false information during the origination and closing of the loans and which allegedly extended credit improperly, at least initially. The Complaint contains no allegations regarding any connection between Group One and Defendant. The Complaint contains no allegations of agency or assignee liability.

The allegations of fraudulent concealment by Defendant in the Complaint may not therefore be relied upon by Plaintiffs to toll the running of Defendant's limitation period. Such conclusory allegations are contradicted by the loan documents that Plaintiffs attached to their Complaint.[2] The loan application attached shows that the interviewer was employed by Group One Mortgage Corporation and does not mention Defendant. (Docket no. 1-2 at 28; *see Steckman v. Hart Brewing,*

---

[2] Additional note and mortgage documents executed by Plaintiffs are attached to Defendant's Motion to Dismiss. (Docket no. 3 exs. A-D). Although reliance upon these documents is not necessary for the resolution of Defendant's motion, the Court notes that these documents also contain only the name of Group One Mortgage Corporation.

*Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (court not required to accept on motion to dismiss conclusory allegations contradicted by documents referred to in complaint)).  Plaintiffs admit that these allegations are not accurate.  Moreover, there are no allegations in the Complaint of agency or assignee liability which might link the allegations which we now know pertain to Group One Mortgage Corporation to Defendant.  Accordingly, Plaintiffs' claims that their TILA and HOEPA claims are saved by equitable tolling must be rejected.  Count 5 should be dismissed because it is barred by the statute of limitation.  The claims of Count 3 should be dismissed to the extent that they arose at or before the closing of the loans based on the one-year statute of limitation.

### 2.    HOEPA

Even if Plaintiffs' HOEPA claims arose after closing and within the one-year limitation period, they still should be dismissed.  The claim based on 15 U.S.C. § 1639(b)(3) is that this provision "requires Defendants to modify the terms of Plaintiffs' loans as Plaintiffs are experiencing a bona fide financial emergency."  (Docket no. 1-2 at 10).

Section 1639(b)(3) is titled "Modifications" and states in its entirety: "The Board may, if it finds that such action is necessary to permit homeowners to meet bona fide personal financial emergencies, prescribe regulations authorizing the modification or waiver of rights created under this subsection, to the extent and under the circumstances set forth in those regulations."  This subsection does not create a cause of action for which Defendant might be liable.  It simply authorizes the issuance of regulations.  This claim should therefore be dismissed.

The only other claim under HOEPA is that Defendant violated section 1639(h) by engaging in a "pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment

-7-

ability, including the consumers' current and expected income, current obligations, and employment." 15 U.S.C. § 1639(h).  In their Complaint, Plaintiffs fail to make any allegations of Defendant's "pattern or practice of extending credit."  They allege only that by extending credit "to Plaintiffs without regard to their ability to repay the debt, Defendants have violated 15 USC § 1639(h)."  (Docket no. 1-2 at 10).

Plaintiffs may not state a claim under this provision by relying solely on their own mortgage loan because such an allegation fails to allege a "pattern or practice" under the statute. *Williams v. G.M. Mortgage Corp.*, 2004 WL 3704081, slip op. at *9 (E.D. Mich. Aug. 18, 2004) ("one incident of non-verification is a wholly insufficient basis upon which to base a claim of a 'pattern and practice.'"); *see Newton v. United Companies Fin. Corp.*, 24 F. Supp. 2d 444, 456 (E.D. Pa. 1998) (intent of term "pattern or practice" in this section was "to prohibit wide-ranging and institutionalized practices of a lender in making loans" and not to impose liability based on "a few isolated examples of a potentially prohibited activity.").  Plaintiffs have therefore failed to state a claim of a violation of section 1639(h).

Another basis for dismissing Plaintiffs' section 1639(h) HOEPA claim is that their loans and mortgages do not meet the definition of "mortgage" as used in that section.  The section limits its reach to mortgages "referred to in section 1602(aa)." 15 U.S.C. § 1639(h).  Section 1602(aa) states that a mortgage means "a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if . . . ."  (*Id*.).  Therefore, "residential mortgage transactions" are excluded.  That term is defined as "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such

-8-

2:09-cv-11560-SJM-MKM   Doc # 10   Filed 07/28/09   Pg 9 of 11   Pg ID 194

dwelling." 15 U.S.C. § 1602(w).  Plaintiffs' Complaint makes it clear that the mortgage transaction at issue was to finance their acquisition of their dwelling.  (Docket no. 1 ex. A).  Plaintiffs' mortgage transaction is therefore not a HOEPA loan.  *See Cunningham v. EquiCredit Corp.*, 427 F. Supp. 2d 838, 841 (N.D. Ill. 2006) ("A HOEPA loan is a mortgage loan secured by a consumer's principal dwelling, other than a loan made to finance the dwelling's original construction or acquisition."); *Sagan v. Option One Mortgage Corp.*, 2004 WL 1660625 (N.D. Ill. July 26, 2004) (same). Plaintiffs' section 1639(h) claim should be dismissed for this reason as well.

### 3.    Remaining Claims

Plaintiffs' remaining claims are all state law claims.  Although Plaintiffs mention the Fair Credit Reporting Act, 15 U.S.C. § 1681, in the caption for Count 8, there are no allegations of a violation of that Act in the body of the Count.  Plaintiffs have not stated a claim for relief under that Act.  The primary allegation of Count 8 is a tort claim, defamation of credit, which if it is a valid cause of action is grounded in state law.  Count 1 for an accounting is based in state law.  *See Marshall v. Ullmann*, 55 N.W.2d 731 (Mich. 1952).  Count 2 for "wrongful foreclosure" is based on state law as well although there apparently has been no foreclosure sale.  (Docket no. 1-2 at 8-9). Any claim for "predatory lending" in Count 4 would be based in state law although Plaintiffs state that they cannot find any authority that such a cause of action exists under Michigan law.  (Docket no. 7 at 20-21).  Counts 6 and 7 for fraudulent and negligent misrepresentation are state tort claims. *See Hi-Way Motor Co. v. International Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (fraudulent misrepresentation); *Sipes v. Kinetra, L.L.C.*, 137 F. Supp. 2d 901, 910 (E.D. Mich. 2001) (negligent misrepresentation).  Counts 9 and 10 for Rescission and Reformation of the notes and

-9-

mortgages are not separate causes of action but rather equitable remedies.[3]  *See Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 n.2 (6th Cir. 2007).  Count 11 is a claim under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act and is therefore a state law claim. (Docket no. 1-2 at 20).  Count 12 for Usury is based on Michigan state law as well.  (*Id.* at 21-22).  Finally, Count 13 is a request for a type of relief, temporary restraining order and/or preliminary injunction, rather than a basis for a separate cause of action.  (*Id.* at 22-23).

Pursuant to 28 U.S.C. § 1367(c)(3), this Court should decline to exercise supplemental jurisdiction over these state law claims because the Court should dismiss all claims over which it has original jurisdiction.  *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (when all federal claims are dismissed before trial, balance of considerations usually will point to dismissing the state law claims).  These claims may either be dismissed without prejudice or remanded to the state court.  *See id.*

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

---

[3] The rescission provision of TILA does not apply to residential mortgage transactions.  15 U.S.C. § 1635(e)(1).

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 28, 2009            s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 28, 2009            s/ Lisa C. Bartlett
                                         Courtroom Deputy

-11-